# TEXAS RIOGRANDE LEGAL AID, INC.
**Austin Office**
4920 North IH-35
Austin, Texas 78751
Telephone (512) 374-2700, Fax (512) 447-3940

December 20, 2019

Hon. Lyle Cayce, Clerk of Court
United States Court of Appeals
Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: Petitioners' Supplemental Letter Brief, No. 19-60558

Dear Hon. Lyle Cayce, Clerk of Court:

Petitioners file this supplemental letter brief in response to the Court's request to explain the federal statutes which provide a cause of action for the relief they seek.

First, Section 717r(d)(1) of the Natural Gas Act establishes that this Court has "original and exclusive jurisdiction over any civil action for the review of an order or action of a … State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit" for a natural gas facility. 15 U.S.C. § 717r(d)(1); *see also* Pet'rs Br. 1. In two recent cases, the Third Circuit has recognized that this provision "is quite capacious" in the review that it confers and has held that it allows the reviewing federal circuit court to vacate or remand if it

determines the final agency action violated applicable state law. *Delaware Riverkeeper Network, et al., v. Penn. Dept. of Env'l Protection, et al.*, 903 F.3d 65, 78 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1648 (2019); *see Township of Bordentown, New Jersey v. FERC,* 903 F.3d 234, 271-72 (3d Cir. 2018) (remanding "with instructions to reconsider the petitioners' request" for an administrative hearing because the state agency "violated New Jersey law by unreasonably denying the petitioners' request for such a hearing").

Second, the federal Administrative Procedure Act ("APA") provides the cause of action and remedies available to Petitioners for "[a]gency action made reviewable by statute." 5 U.S.C. § 704; *see* 5 U.S.C. § 706 ("The reviewing court shall … hold unlawful and set aside agency action…") In similar cases reviewing agency actions granting permits for natural gas infrastructure under § 717r(d)(1), both the Third and Fourth Circuits held that the plain language of the Natural Gas Act combined with the Administrative Procedure Act provide a broad scope of review and remedies, including the ability to remand or vacate the agency's final action. *Delaware Riverkeeper,* 903 F.3d at 78 ("The provision of the Natural Gas Act that actually grants us jurisdiction, 15 U.S.C. § 717r(d)(1), is quite capacious. It empowers us to hear "any civil action" seeking "review" of federal permits required by interstate pipelines. And ordinarily, when such agency action is "made reviewable by statute," 5 U.S.C. § 704, the Administrative Procedure Act

authorizes a broad scope of review, without limiting courts to considering only federal law, *see id.* § 706."); *Sierra Club v. U.S. Dep't of the Interior,* 899 F.3d 260, 295 (4th Cir. 2018) ("Respondents argue that this Court lacks authority to vacate the agency actions under the Natural Gas Act. However, Respondents' position is contrary to the plain text of the Natural Gas Act.… in this case, the Natural Gas Act's judicial review provision does not modify the APA's default rule, which empowers this Court to "hold unlawful and set aside agency action." *See* 5 U.S.C. § 706(2)(A).")

By contrast, another section of the Natural Gas Act, § 717r(d)(3), does not apply to this case because the underlying agency action here—TCEQ's order denying Petitioners' hearing requests and granting Rio Grande LNG's air permit— would not "prevent the construction, expansion, or operation of the facility." 15 U.S.C. § 717r(d)(3). In *Delaware Riverkeeper* and *Sierra Club*, both the Third and Fourth Circuits explicitly considered and rejected the argument that § 717r(d)(3) limits the Court's review or remedies available to Petitioners in analogous situations granting permits. *See Sierra Club,* 899 F.3d at 295 ("On its face, § 717r(d)(3) only applies to an agency action that "would prevent the construction" of the natural gas facility.… Here, the agency decisions do the opposite by enabling pipeline construction, and the provision is therefore inapplicable.") (internal citations omitted); *Delaware Riverkeeper,* 903 F.3d at 78 ("Nothing in §

717r(d)(3) says differently; it simply requires reviewing courts to apply a particular remedy when certain conditions are met. It says nothing about other circumstances, and we will not imply from the statute's silence that Congress intended to restrict the language of its text. Congress does not "hide elephants in mouseholes.") (internal citations omitted).

Therefore, the Natural Gas Act and the APA provide the cause of action for this Court to review TCEQ's order and to grant the following relief requested by Petitioners:

1) Petitioners believe the most appropriate remedy for this Court to enter is a remand to TCEQ of its order denying Petitioners' hearing requests with instructions to refer the Rio Grande LNG application for a contested case hearing on the substantive issues raised about the permit. *Cf. Township of Bordentown,* 903 F.3d at 271-72. TCEQ agrees this remedy is available in this Court. *See* Resp'ts Br. at 21 ("If the Court determines that TCEQ erred in denying Petitioners a contested-case hearing, the matter must be remanded so that a hearing can be conducted.")

2) Alternatively, should the Court proceed to review the merits of TCEQ's issuance of the air permit to Rio Grande LNG, Petitioners request that the Court vacate TCEQ's issuance of the permit because it does not comply with federal and state requirements. *Cf. Sierra Club,* 899 F.3d at 295 ("[W]e conclude that the correct remedy is to vacate the ITS and right-of-way permit."); *Berkshire Envtl. Action Team Inc. v. Tenn. Gas Pipeline Co.,* 851 F.3d 105, 112-13 (1st Cir. 2017) (holding that the court had jurisdiction to review the merits of the permit under the Natural Gas Act, even though Petitioners had not participated in an adjudicatory hearing under state law).

Respectfully submitted,

*<u>s/ Erin Gaines</u>*
Erin Gaines
SBN 24093462
TEXAS RIOGRANDE LEGAL AID
4920 N. I-35
Austin, Texas 78751
egaines@trla.org
t: (512) 374-2739
Counsel of Record for Petitioners

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2019, an electronic copy of the foregoing letter brief was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system to the following counsel of record:

Toby Baker
toby.baker@oag.texas.gov
Mark A. Steinbach
mark.steinbach@oag.texas.gov
Office of the Attorney General,
Environmental Protection Division
PO Box 12548, MC-066
Austin, Texas 78711

Counsel for Respondent TCEQ

Beth W. Petronio
beth.petronio@klgates.com
K&L Gates, LLP
1717 Main Street
Suite 2800
Dallas, TX 75201

Counsel for Intervenor Rio Grande LNG, LLC

*s/ Erin Gaines*
Erin Gaines
Counsel of Record for Petitioners

## CERTIFICATE OF COMPLIANCE

1. This letter brief complies with the instructions from the Court because it contains 943 words, as determined by the word-count function of Microsoft Word, excluding the parts of the letter brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Erin Gaines*
Erin Gaines
Counsel of Record for Petitioners